



**FILED**
**Aug 15, 2025**
**08:47 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Linda Mueller | ) | Docket No. 2023-03-2005 |
| | ) | |
| v. | ) | State File No. 66066-2022 |
| | ) | |
| CSL Plasma, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

---

### Affirmed and Certified as Final

---

This is one of four concurrent appeals filed in four separate causes of action, all of which concern the trial court's decision to grant the employer's motions for summary judgment and dismiss all four claims. In this claim, the employee alleged an injury to her mid-back. The employer denied the claim on the basis that there was no medical evidence of an injury and supported its position with the report of a physician who opined that her condition was degenerative in nature and not primarily caused by her employment. After the employer filed its motion for summary judgment, the employee did not respond to the motion or offer any proof of causation, an essential element of her claim. Consequently, the trial court granted the motion, and the employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Linda Mueller, Knoxville, Tennessee, employee-appellant, pro se

Jennifer Caywood Schmidt, Knoxville, Tennessee, for the employer-appellee, CSL Plasma

### Memorandum Opinion[1]

Linda Mueller ("Employee") previously worked for CSL Plasma ("Employer") as a lab technician and has four pending appeals in four separate claims against Employer. On

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

March 21, 2023, Employee filed a petition for benefit determination stating that she felt "searing pain" and a "small lump under her right shoulder blade" when she attempted to open facility doors on June 25, 2022. After mediation was unsuccessful, a mediator issued a dispute certification notice that identified compensability, medical benefits, and disability benefits as disputed issues. Employee requested an expedited hearing, but it was cancelled after she agreed to undergo a medical evaluation at Employer's request. The parties then reached a tentative global settlement of all four claims, but that settlement was never approved by the court.

Due to issues scheduling the medical evaluation, Employer instead retained Dr. Jeffrey Hazlewood to conduct a medical records review. Dr. Hazlewood prepared a report summarizing his findings and opinions on November 11, 2024. Thereafter, Employer deposed Dr. Hazlewood, who testified he reviewed approximately 250-300 pages of records and concluded Employee did not suffer a traumatic back injury on June 25, 2022. He diagnosed Employee with chronic back pain due to "degenerative spine disease," and he noted she had complaints of low back, mid-back, and neck pain dating back to at least 2017. Dr. Hazlewood reviewed several imaging studies and testified those studies showed Employee had degenerative spine disease in those areas of her spine with no indication of a traumatic structural change. Finally, he testified there was no "mechanism of injury" on June 25, 2022, that "should cause a structural problem," stating it was "clear-cut" Employee did not suffer a traumatic injury.

Following Dr. Hazlewood's deposition, Employer filed a motion for summary judgment and a statement of undisputed material facts, relying primarily on Dr. Hazlewood's opinion as the basis for its motion. Employee did not file a response to the motion or respond to the statement of undisputed facts. After conducting a hearing on Employer's motion, which Employee attended, the trial court issued an order on April 9, 2025, granting Employer's motion and dismissing the claim. The trial court determined Employer had negated an essential element of Employee's claim, *i.e.*, causation, and had submitted no evidence at the summary judgment stage in support of her claim that she sustained a work-related mid-back injury that arose primarily out of and in the course and scope of her employment.

We review the grant or denial of a motion for summary judgment *de novo* with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In her notice of appeal, Employee identifies the issues on appeal as "dispute facts presented by Dr. Hazlewood, provide medical evidence, [and] attorney conduct." Employee filed one brief to address all four of her separate appeals in which she argues that the court erred in granting Employer's motion for summary judgment

and that the court and the attorneys representing Employer and the Subsequent Injury and Vocational Recovery Fund ("the Fund") treated her improperly.[2]

In regard to the first issue, Employee did not file a response to Employer's motion, and she did not serve and file a response to the statement of undisputed facts as required by Rule 56.03 of the Tennessee Rules of Civil Procedure. We agree with the trial court that the medical causation opinion Employer obtained from Dr. Hazlewood negated an essential element of Employee's claim. As such, in accordance with Rule 56.04, the burden of production shifted to Employee to allege specific facts and come forward with sufficient evidence that could lead a trier of fact to find in her favor on the issue of medical causation. *See Rye*, 477 S.W.3d at 265. Employee did not meet that burden.

At the motion hearing, Employee attempted to rely on various medical records she had previously filed, but, as the trial court correctly stated, medical records, standing alone, are not appropriate for consideration in response to a motion for summary judgment. *See Thomas v. 10 Roads Express, LLC*, No. 2021-08-0819, 2023 TN Wrk. Comp. App. Bd. LEXIS 17, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2023) (clarifying that, in the context of a motion for summary judgment, a trial court can only consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" as specified by Rule 56.04 of the Tennessee Rules of Civil Procedure). Furthermore, Employee admitted at the hearing that she did not have an expert medical opinion indicating her alleged injuries or current mid-back condition were primarily caused by an alleged June 25, 2022 work accident. In short, we conclude the trial court correctly determined that Employer negated an essential element of Employee's claim and that Employee did not come forward with sufficient proof to create a genuine issue of material fact regarding medical causation, especially given Employee's failure to respond to the statement of undisputed material facts.

Relative to the second issue, Employee asserts that the court, Employer's counsel, and counsel for the Fund treated her inappropriately, citing delays due to the unavailability of an expert testifying for Employer, a lack of response to her emails by the attorneys, and her perception that the trial judge showed preferential treatment to the attorneys for Employer and the Fund. We conclude, however, that Employee has failed to identify with any specificity the allegedly prejudicial actions taken by the attorneys or the court or to describe how any such actions, even if they occurred, prejudiced her case. A court's unfavorable decision, standing alone, is not evidence of prejudice or bias. *See, e.g.*, *Limbaugh v. Mueller Refrigeration Co.*, No. M2007-00999-WC-R3-WC, 2008 Tenn. LEXIS 623, at *12 (Tenn. Workers' Comp. Panel Sept. 26, 2008). Furthermore, Employee has not asked for any type of relief for her complaints of unfair treatment. In the absence of a clear description of the prejudice or bias she claims to have suffered, any indication

---

[2] The Fund is not a party to this particular claim.

that she addressed the issue in the trial court, or a clear request for relief from that harm, the issue is deemed waived. *See Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *15 (Tenn. Workers' Comp. App. Bd. July 31, 2015) (stating "in most instances, an issue raised for the first time on appeal will be deemed waived").

Accordingly, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employee.

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Linda Mueller | ) Docket No. 2023-03-2005 |
| | ) |
| v. | ) State File No. 66066-2022 |
| | ) |
| CSL Plasma, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of August, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Linda Mueller | | | | X | lindamueller2@msn.com lindamueller480@gmail.com |
| Jennifer C. Schmidt | | | | X | jcschmid@travelers.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov